[No. 24198.   Department One.   November 14, 1932.]

*In the Matter of the Estate of* FRANK PERRY HALL, *Deceased.*[2]

*H. E. Foster,* for appellant.

*J. Y. C. Kellogg, Wingate & Suffel, Jay C. Allen,* and *Peters, Evans & McLaren,* for respondents.

MITCHELL, J.—In the course of administration of the estate of Frank Perry Hall, deceased, in the superior court for King county, W. E. G. Suffel, as administrator with the will annexed, presented his final account and petition for distribution. It came on for hearing on April 26, 1932, and was approved. The order of approval also

[1]Reported in 15 P. (2d) 666.
[2]Reported in 15 P. (2d) 938.

directed specified distributions of property to the legatees, including Jennie Crawford. The state inheritance tax not having been adjusted at that time, a certain amount of the funds of the estate was ordered withheld to meet that tax, and the order further provided that, upon the adjustment of the inheritance tax, a further and supplemental report be made.

The inheritance tax was adjusted and approved, as shown by a supplemental report that further showed a small balance still due the legatees. An order was entered on the supplemental report, approving the settlement of the inheritance tax and directing the balance of the funds on hand to be distributed among the legatees. This order was dated June 18, 1932.

On June 16, 1932, Jennie Crawford, one of the legatees, filed a petition for an order vacating the order approving the final account. The petition was denied, and an order to that effect was entered July 1, 1932.

Thereafter, July 11, 1932, she served and filed a written notice of appeal from the order denying her petition to vacate the order of April 26, 1932, approving the final account of the administrator; also from the order approving the adjustment of the inheritance tax; and also from the order approving the supplemental and final report of the administrator and directing distribution of the remaining funds in his hands.

Upon the assignments of error, it is claimed that proper notice of the hearing of the final account on April 26, 1932, was not given, and that the amount distributed to the appellant was not sufficient. But the record shows that she and her attorney of record at that time were present, took a part in the hearing, by written endorsement of her attorney approved the order; and that, at the same time, she was given the full amount distributed to her, for which she·personally signed a receipt that was filed in the cause on that date. There is nothing in the record to show that the amount she received was in any way incorrect or insufficient.

The record further shows that the order approving and settling the inheritance tax and directing it to be paid, and further fixing the final balance to be distributed to the appellant and other legatees, was prepared and presented to the court by her own attorney of record at that time, acting with an attorney for other legatees.

Nothing is shown in the record against the correctness of the account of the administrator, nor in other respects that justifies any complaint by the appellant.

Affirmed.

TOLMAN, C. J., HOLCOMB, PARKER, and MILLARD, JJ., concur.